**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: OCERA THERAPEUTICS, INC.
SECURITIES LITIGATION

WILLIAM PAULUS,

   Plaintiff-Appellant,

and

SAMUEL P. CLARKE,

   Plaintiff,

  v.

OCERA THERAPEUTICS, INC.,
ECKARD WEBER, LINDA GRAIS,
WENDELL WIERENGA, ANNE
VANLENT, STEVEN JAMES, NINA
KJELLSON, WILLARD H. DERE,
MALLINCKRODT PLC, MAK LLC, and
MEH ACQUISITION CO.,

   Defendants-Appellees.

No. 18-17345

D.C. Nos. 3:17-cv-6687-RS
     3:17-cv-6876-RS

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 15, 2020
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

On April 26, 2018, Plaintiff-Appellant William Paulus and Plaintiff Samuel Clarke filed a consolidated class action complaint alleging that Defendants-Appellees Ocera Therapeutics, Inc. ("Ocera") and members of the board of directors of Ocera made misleading statements and omissions in tender-offer-related disclosures on a Schedule 14D-9 filed with the U.S. Securities and Exchange Commission (the "SEC") on November 9, 2017 and December 1, 2017, in violation of Sections 14(e) and 20 of the Securities Exchange Act of 1934. On October 16, 2018, the district court granted Defendants-Appellees' motion to dismiss the complaint with leave to amend, and, after Plaintiffs chose not to amend the complaint, entered judgment in favor of Defendants-Appellees on November 8, 2018. Paulus timely appealed.

We affirm the district court's dismissal of the complaint on the ground that the complaint fails to adequately plead loss causation.[1] *See* 15 U.S.C. § 78u-

---

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1] Because the complaint alleges a "unified course of fraudulent conduct," its claims are "grounded in fraud" and must be pleaded with

4(b)(4); *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018). The complaint alleges that "as a direct and proximate result of the dissemination of the false and/or misleading [disclosures on November 9, 2017] . . . , Plaintiffs and the Class have suffered damage and actual economic losses" measured as "the difference between the price Ocera stockholders received and the true value of their shares at the time of the [acquisition of Ocera by Mallinckrodt plc]." The primary factual allegation supporting the assertion of a higher "true value" is that, according to marketbeat.com, the consensus price target for Ocera by securities analysts between September 2017 and December 2017—*i.e.*, around the time of the tender offer—ranged from $2.67 to $4.50 per share, while the actual merger consideration consisted of $1.52 upfront cash payment per share, increasing to a maximum potential, but contingent, value of $4.10 per share if certain goals were met. The suggestion that the analysts' opinions of what the shares might be worth were different from what was actually received, let alone that they represented the shares' true value, is too speculative to plead with particularity that shareholders experienced losses—or to plead with particularity that the required causal relationship existed between Ocera's purported misrepresentations or omissions and those losses. *See Metzler Inv. GMBH v.*

---

"particularity" pursuant to Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). The complaint falls far short of satisfying this standard.

*Corinthian Colls., Inc.*, 540 F.3d 1049, 1064–65 (9th Cir. 2008) (explaining that we will not "indulge unwarranted inferences" in support of loss causation "in order to save a complaint from dismissal"). Indeed, the actual market price of Ocera's shares on the date of the entry into the merger agreements was only $1.00 per share.

The only other allegations in the complaint on the issue of loss causation are the suggestions that higher financial projections created by Ocera management and approved by the Ocera board on June 20, 2017 (the "June Projections"), rather than lower projections approved by the Ocera board on November 1, 2017 in connection with the merger, reflected the "true value" of Ocera and that its shareholders would not have tendered their shares if they had known of the June Projections. But the plausibility of these suggestions is seriously undermined by the complaint's own allegations that numerous potential acquirers, including those that did due diligence on the company during the period around or after the June Projections, lost interest in acquiring Ocera, leaving only Mallinckrodt plc, which was still willing to pay more than the existing market price of $1.00 per share on the date of the entry into the merger agreements. The suggestions that the undisclosed June Projections nevertheless represented the "true value" of shares at the time of Mallinckrodt plc's subsequent tender offer and that reasonable shareholders if informed of the earlier projections would have recognized as much

and held out for a hypothetical better offer than that received from the only remaining bidder are, again, speculative in the extreme. We therefore conclude that the complaint fails to adequately plead loss causation. Because this conclusion is sufficient to affirm the dismissal, we do not reach the other issues raised by Plaintiff-Appellant.

**AFFIRMED**.